# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-3056-PA-JC | Date | April 26, 2019 |
|---|---|---|---|
| Title | Black Patients Matter v. Dean R. Grafilo, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Christianna Howard, Relief Deputy Clerk | None Court Reporter / Recorder | None Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)
**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On April 1, 2019, Plaintiff "Black Patients Matter" ("Plaintiff"), purportedly proceeding "in Pro Per," that is, representing itself, filed a Complaint asserting claims against multiple defendants. Plaintiff describes itself as an "African-American patient advocacy group[][.]" See Complaint at 3 (referencing the marginalization of and discrimination against "African-American patient advocacy groups such as the Plaintiff. . . "). While an individual person may represent him/herself in a legal action, no collective group, organization or entity of any kind may appear in any action or proceeding as such **unless represented by an attorney permitted to practice before this Court**. See Local Rule 83-2.2 ("Only individuals may represent themselves *pro se*. No organization or entity of any other kind . . . may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . ."); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") (collecting cases and affirming dismissal without prejudice because individual *pro se* plaintiff may not pursue claims on behalf of others/entity).

In light of the foregoing, Plaintiff is ORDERED TO SHOW CAUSE by not later than **May 10, 2019**, why this action should not be dismissed because Plaintiff may not pursue its claims *pro se*. The filing of a Notice of Appearance of Counsel (Form G123) reflecting the appearance of an attorney authorized to practice before this Court on behalf of Plaintiff by the foregoing deadline, will constitute a sufficient response to this Order to Show Cause.

**Plaintiff is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action without prejudice for the reasons explained above, and/or based upon Plaintiff's failure to comply with this Order to Show Case and/or Plaintiff's lack of prosecution.**

IT IS SO ORDERED.